IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2272-D

MACEO LAMONT GARDNER, )
)
           Petitioner, )
)
v. ) **ORDER**
)
FRANK L. PERRY, )
)
           Respondent. )

On December 23, 2013, Maceo Lamont Gardner ("Gardner" or "petitioner"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On July 21, 2014, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and allowed it to proceed [D.E. 2]. On August 5, 2014, respondent answered the petition [D.E. 4] and moved for summary judgment [D.E. 5]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Gardner about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 7]. On August 26, 2014, Gardner filed a motion for summary judgment [D.E. 8] and responded in opposition to respondent's motion for summary judgment [D.E. 9]. As explained, the court grants respondent's motion for summary judgment and denies petitioner's motion for summary judgment.

I.

On January 29, 2013, in Pitt County Superior Court, Gardner entered an Alford plea to first-degree burglary having obtained habitual felon status, felony breaking and entering having obtained

habitual felon status, and larceny after breaking and entering. Pet. [D.E. 1] 1; see Resp't's Ex. 1 [D.E. 6-2] (plea transcript); North Carolina v. Alford, 400 U.S. 25 (1970). The trial court sentenced Gardner to consecutive terms of 127–165, 111–146, and 15–27 months' imprisonment on the respective charges. Resp't's Ex. 2 [D.E. 6-3] (judgment and commitment forms). Gardner did not appeal. Pet. 2.

On August 15, 2013, Gardner moved for appropriate relief ("MAR") in Pitt County Superior Court. Resp't's Ex. 4 [D.E. 6-5].[1] On September 13, 2013, the state court summarily denied the MAR. Resp't's Ex. 5 [D.E. 6-6]. On November 1, 2013, Gardner filed a certiorari petition in the North Carolina Court of Appeals, see Resp't's Ex. 6 [D.E. 6-7], which that court dismissed on November 21, 2013. Resp't's Ex. 8 [D.E. 6-9].

On December 14, 2013, Gardner signed his section 2254 petition. See Pet. 15. Gardner asserts that he "is being subjected to a sentencing statute that is facially unconstitutional" and his total sentence is "grossly disproportionate to his offense, in violation to the 8th and 14th Amendments." Pet. 5, 7. Gardner raised these claims in his MAR. See Resp't's Ex. 4 at 2.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue

---

[1] The state court filed Gardner's MAR on September 4, 2013, rather than August 15, 2013. Compare Resp't's Ex. 4 at 2 (noting the date of filing), with Resp't's Ex. 4 at 22 (noting the date of signature); cf. Pet. 3. Giving Gardner the benefit of the prison-mailbox rule, and construing the record in the light most favorable to Gardner, the court considers Gardner's MAR as filed on August 15, 2013, the date he signed it. See Houston v. Lack, 487 U.S. 266, 275–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735–36 (4th Cir. 1991) (per curiam). Additionally, the court will use the prison-mailbox rule in construing the filing date for Gardner's other pleadings.

2

of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011).

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d); see, e.g., Glebe v. Frost, 135 S. Ct. 429, 430 (2014) (per curiam); Lopez v. Smith, 135 S. Ct. 1, 1–2 (2014) (per curiam); Marshall v. Rodgers, 133 S. Ct. 1446, 1449–51 (2013) (per curiam). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme]

3

Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see, e.g., White v. Woodall, 134 S. Ct. 1697, 1702–07 (2014); Nevada v. Jackson, 133 S. Ct. 1990, 1992–94 (2013) (per curiam); Metrish v. Lancaster, 133 S. Ct. 1781, 1786–92 (2013); Parker v. Matthews, 132 S. Ct. 2148, 2151–56 (2012) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 27–32 (2011) (per curiam); Renico v. Lett, 559 U.S. 766, 773–79 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the standard in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to be difficult to meet. See White, 134 S. Ct. at 1702; Harrington v. Richter, 131 S. Ct. 770, 786 (2011). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington, 131 S. Ct. at 787. To prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis for the state court to deny relief." Id. at 784; see DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011).

As for Gardner's claim that his consecutive sentences are grossly disproportionate to his crimes, state courts have the constitutional authority to impose consecutive sentences for multiple offenses. See, e.g., Oregon v. Ice, 555 U.S. 160, 163–64 (2009). Moreover, "[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids

4

only extreme sentences that are 'grossly disproportionate' to the crime." Ewing v. California, 538 U.S. 11, 23 (2003). Gardner has not shown that the state court's ruling on this issue reached a result contrary to, or involved an unreasonable application of, clearly established federal law. See, e.g., Ice, 555 U.S. at 163–64; Ewing, 538 U.S. at 23. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented to the state court. See 28 U.S.C. § 2254(d)–(e). Thus, the court grants respondent's motion for summary judgment on this claim and denies Gardner's motion for summary judgment on this claim.

As for Gardner's challenge to the habitual felon statute, states may punish recidivist behavior "against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities." Spencer v. Texas, 385 U.S. 554, 560 (1967); see Lockyer v. Andrade, 538 U.S. 63, 73–74 (2003); Ewing, 538 U.S. at 28–31; Rummel v. Estelle, 445 U.S. 263, 284–85 (1980); United States v. Cheek, 415 F.3d 349, 353–54 (4th Cir. 2005); State v. Todd, 313 N.C. 110, 117–19, 326 S.E.2d 249, 253–54 (1985). Gardner has not shown that the state court's ruling on this issue reached a result contrary to, or involved an unreasonable application of, clearly established federal law. See, e.g., Lockyer, 538 U.S. at 73–74; Rummel, 445 U.S. at 284–85; Spencer, 385 U.S. at 560. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented to the state court. See 28 U.S.C. § 2254(d)–(e). Thus, the court grants respondent's motion for summary judgment on this claim and denies Gardner's motion for summary judgment on this claim.

II.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 5], DENIES petitioner's motion for summary judgment [D.E. 8], and DISMISSES Gardner's application for a

writ of habeas corpus [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 16 day of February 2015.

JAMES C. DEVER III
Chief United States District Judge